170 So. 63

## AMERICAN BANKERS CORPORATION v. SIMS.

### 6 Div. 984.

Supreme Court of Alabama.

Oct. 8, 1936.

Wilkinson & Wilkinson and W. G. Black, all of Birmingham, for appellant.

J. G. Adams, Jr., of Birmingham, for appellee.

KNIGHT, Justice.

Suit by plaintiff, appellee here, to recover damages against the American Bankers Corporation, appellant, for breach of contract, and for the conversion of a certain automobile. Each count of the complaint arose out of the same transaction, or related to the same subject-matter.

The cause was twice tried in the court below, and each trial resulted in a verdict for the plaintiff. On the first trial, the

jury awarded the plaintiff damages in the sum of $343.35. On motion of the defendant the verdict was set aside by the court, and a new trial ordered. This second trial resulted in a verdict for plaintiff; the jury assessing her damages at $500.

The defendant filed a motion to set aside this second verdict upon the grounds, inter alia, that the verdict was contrary to the evidence, and excessive. This motion was overruled, and defendant has prosecuted this appeal.

Only two questions are presented for our consideration; the first challenges the propriety of the court's action in declining to give the affirmative charge duly requested in writing by the defendant; and the second insistence is that the court committed error in overruling the defendant's motion for a new trial.

It would serve no useful purpose to set out here the evidence in detail. Suffice it to say that we have carefully read and considered the same, and it is our opinion that there was evidence, of a substantial nature, tending to prove each and every material allegation of one or more of the counts of the complaint. Therefore, the defendant was not entitled to the general affirmative charge in its behalf. The court committed no error in the refusal of this charge.

However, we are of the opinion, and so hold, that the verdict was and is excessive by $100, and unless the appellee files in this court, in this cause, her consent for the damages awarded her by the jury to be reduced to $400, the case will be reversed and remanded for a new trial.

Affirmed conditionally.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.